1

2    **HORNE LAW, PLLC**
     3001 E. CAMELBACK ROAD STE 130
3    PHOENIX, ARIZONA 85016
     Telephone (602) 320-0061
4    Mark@Horneaz.Com

5    Mark W. Horne, No. 029449
     *Attorney for Plaintiff*

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE STATE OF ARIZONA**

8
     Clyver Pleaugh, an individual;              Case No.:
9

10                   Plaintiff,                       **COMPLAINT**

11       vs.                                      **(Jury Trial Demanded)**

12   The City of Phoenix, a municipal
     corporation; The City of Phoenix Housing
13   Department, a federally funded public
     housing program;  Dina Fernandez,
14   individually and in her official capacity as
     Housing Supervisor for City of Phoenix
15   Housing Department; James Navarrette,
     individually and in his official capacity as
16   Property Manager for the City of Phoenix
     Housing Department; Angela Hogan,
17   individually and in her official capacity as
     Housing Supervisor for the City of Phoenix
18   Housing Department;

19
                     Defendants.
20

21        Plaintiff Clyver Pleaugh, for his Complaint against the Defendants, hereby alleges

22   as follows:

23                              **INTRODUCTION**

24

25        1.     Plaintiff Clyver Pleaugh ("Plaintiff"), an eighty-one year old man, is a

26   mentally disabled person protected under the Americans with Disabilities Act (42 U.S.C.

§12101) and the federal Fair Housing Act (42 U.S.C. § 3601, et seq.).  Clyver suffers

from anxiety and hypertension with physical manifestations and is under the care of a

doctor.

2.      Clyver resides in Phoenix at Fillmore Gardens, which is public housing

provided and operated by Defendants the City of Phoenix and the City of Phoenix

Housing Department ( collectively "PHD") through their participation in the HUD

Public Housing Program.

3.      After eighteen years of residing at Fillmore Gardens without a single lease

violation, PHD has now terminated the tenancy of Clyver for an alleged violation of his

lease and now seeks to formally evict Clyver from the premises.

4.      Although Plaintiff made multiple requests for reasonable accommodations

to PHD due to his disability, PHD literally refused to even consider the requests in blatant

violation of federal law and regulations.

5.      Plaintiff brings this action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 3604,

42 U.S.C. § 12131, 42 U.S.C. § 1437, and the due process and equal protection  clauses

of  the United States Constitution, for a judgment declaring that the Defendants' policies

and practices of failing to provide him with a reasonable accommodation are unlawful.

6.      Plaintiff alleges that the Defendants' policies and practices of denying

requests for reasonable accommodations, and refusing to even consider them, made by

persons with disabilities results in discrimination against persons with disabilities in

HORNE LAW, PLLC
3001 E. CAMELBACK ROAD STE 130
PHOENIX, ARIZONA 85016
Telephone (602) 320-0061

violation of the Americans With Disabilities Act (ADA), the Fair Housing Amendments Act (FHAA), and the Rehabilitation Act of 1973 (Section 504).

7.     Plaintiff alleges that defendants terminated his participation in the public housing program in violation of the Due Process Clause, the Americans With Disabilities Act (ADA), the Fair Housing Amendments Act (FHAA), and the Rehabilitation Act of 1973 (Section 504).

## **JURISDICTION**

8.     Jurisdiction over Plaintiff's claims is conferred on this Court by 28 U.S.C. § 1331 (federal question jurisdiction) in that this action arises under the Constitution and laws of the United States and 28 U.S.C. § 1343(a)(3) and (4) to redress the deprivations, under color of state law, of rights secured by the Fourteenth Amendment to the United States Constitution and for violation of the civil rights of Plaintiffs.

9.     Plaintiff's claims arise under the Fair Housing Act, Title VIII of the Civil Act of 1968 as amended, 42 U.S.C. § 3601, et seq.; the United States Housing Act, 42 U.S.C. § 1437, et seq.; the Fourteenth Amendment to the United States Constitution; federal contracts; and  42 U.S.C. § 1983.

10.     Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 1983, which provides redress for the deprivation, under color of state law, of rights, privileges and immunities secured to all citizens and persons within the jurisdiction of he Untied States by the Constitution and laws of the United States.

HORNE LAW, PLLC
3001 E. CAMELBACK ROAD STE 130
PHOENIX, ARIZONA 85016
Telephone (602) 320-0061

11.    This Court has Supplemental jurisdiction pursuant to 28 U.S.C. § 1367, since there are claims in the action that are so related to other claims in the action over which this Court has original jurisdiction, that they form part of the same case or controversy.

12.    Judicial review under 42 U.S.C. § 1983 is specifically authorized by Congress by 42 U.S.C. § 1437c-1(i)(4)(B).

13.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims arose in this district.

## PARTIES

14.    Plaintiff resides in Arizona at a public housing facility provided by Defendants.  Plaintiff is disabled from mental and physical illness.

15.    The City of Phoenix is a municipal corporation.

16.    The City of Phoenix Housing Department is a housing authority created in accordance with the provisions of Arizona Public Housing Law.

17.    The City of Phoenix and the City of Phoenix Housing Department (collectively "PHD") provide housing for eligible families, which include elderly and disabled persons such as Plaintiff.

18.    Defendant Dina Fernandez is a housing supervisor for PHD.   In that capacity she is responsible for the daily oversight, and day to day administration of the program.   In that capacity she made the initial determination to terminate Plaintiff's tenancy and prosecuted the Plaintiff's eviction, and thus effectively ended

HORNE LAW, PLLC
3001 E. CAMELBACK ROAD STE 130
PHOENIX, ARIZONA 85016
Telephone (602) 320-0061

4

HORNE LAW, PLLC
3001 E. CAMELBACK ROAD STE 130
PHOENIX, ARIZONA 85016
Telephone (602) 320-0061

Plaintiff's participation in the program.   Upon information and belief, Dina Fernandez makes decisions regarding whether or not to grant requests for reasonable accommodations for Public Housing Program participants.   The actions taken against the Plaintiff by Dina Fernandez, and PHD, are the policy and/or custom of PHD and Dina Fernandez under circumstances such as those in this case.

19.   Defendant James Navarrette is a property manager for PHD.   In that capacity, James Navarratte prosecuted and continues to prosecute the eviction of Plaintiff. The actions taken against the Plaintiff by James Navarratte, and PHD, are the policy and/or custom of PHD under circumstances such as those in this case.

20.   Defendant Angela Hogan is a housing supervisor for PHD.   Angela Hogan was on the hearing panel that terminated Plaintiff's tenancy and she also signed off on the termination notice sent to Plaintiff.   Angela Hogan served on the hearing panel pursuant to PHD's custom and policy of having someone to represent PHD's interests during the eviction process.

## **FACTUAL BACKGROUND**

21.   Plaintiff has been a resident of Fillmore Gardens for eighteen years with a perfect tenant history and no prior lease violations.

22.   A resident by the name of Steven Halpaus ("Steven") moved into Fillmore Gardens and began engaging in strange stalking-like behavior towards multiple residents of Fillmore Gardens including Plaintiff.

23.   Plaintiff resides in an apartment that is in the same hallway as Steven's apartment.  Plaintiff's apartment is situated in such a manner that Plaintiff must walk past Steven's apartment when Plaintiff leaves and returns to his apartment.

24.   Steven would watch Plaintiff closely from his apartment in a stalking-like manner and began recording Plaintiff by audio and video means.

25.   In March of 2018, Steven's strange behavior towards Plaintiff resulted in two verbal altercations during which Plaintiff made verbal threats of violence against Steven.

26.   The manner in which Plaintiff reacted to Steven was the result his mental disability.  The other residents that were the subject of similar strange conduct from Steven did not react with verbal threats against Steven.

27.   There was not and has never been any actual physical violence between Plaintiff and Steven.

28.   Steven told Defendant Dina Fernandez that he did not want Plaintiff evicted from Fillmore Gardens and that Plaintiff should be moved to a different unit away from Steven.

29.   PHD via Dina Fernandez issued a thirty-day notice of termination of Plaintiff's residency signed by Dina Fernandez.

30.   Plaintiff requested and informal meeting to discuss the termination of his residency.

HORNE LAW, PLLC
3001 E. CAMELBACK ROAD STE 130
PHOENIX, ARIZONA 85016
Telephone (602) 320-0061

31.     On October 23, 2018, an informal hearing was held during which Plaintiff informed PHD of his disability and gave PHD a doctor's note verifying that Plaintiff suffered from anxiety.  (*See* Record of Informal Hearing attached as Exh. A); (*see also* Plaintiff's Doctor's Note Verifying Medical Condition attached as Exh. B).

32.     A the informal hearing, Plaintiff told Defendants that he had a disability that needed to be accommodated under the ADA and FHA, and he requested that, in lieu of an eviction, PHD either (1) move him to an apartment where he would not be in contact with Steven, or (2) give Plaintiff a lease violation (which would be his first in eighteen years) and a second chance at keeping his residency. Exh. A.

33.     Defendants made no request for further information nor did they otherwise indicate that Plaintiff's accommodation request was not in accordance with PHD's policy.  At no time did PHD attempt to provide further information or guidance to Plaintiff as to PHD policy or any procedure on ADA accommodation requests.

34.     On October 30, 2018, the hearing officer issued a decision on the informal hearing holding only that "there is sufficient evidence to support the 30 day notice of termination."  Exh. A.  The informal decision specifically mentions the reasonable accommodation requests and the evidence presented in that regard, but the decision makes no mention of whether or not such was considered or the reasons for any denial. *Id.*

35.     On November 8, 2018, Plaintiff submitted a Request for Formal Hearing stating: "I have a mental disability and should be accommodated."  (*See* Request for

HORNE LAW, PLLC
3001 E. CAMELBACK ROAD STE 130
PHOENIX, ARIZONA 85016
Telephone (602) 320-0061

Formal Hearing attached as Exh. C). Plaintiff attached to the Request his doctor's note verifying that Plaintiff suffered from anxiety and a medical record showing that Plaintiff had hypertension. *Id.*

36.     On November 16, 2018, PHD via Defendant James Navarrette issued a notice of Formal Hearing stating "the Housing Department will conduct a formal hearing in attempt to resolve some of your concerns you have addressed with the Admin Office." (*See* Notice of Formal Hearing attached as Exh. D).

37.     The City of Phoenix held a formal hearing where a three-member panel included Defendant Angela Hogan, a Housing Supervisor for the city of Phoenix, who stated "I am here to represent the City of Phoenix." (*See* Transcript of Formal Hearing attached as Exh. E at 1: 10-12).

38.     Angela Hogan stated she was the housing supervisor for a different apartment complex, but upon information and belief, Angela Hogan had actually just been transferred to Fillmore Gardens. *Id.*

39.     Plaintiff objected to her sitting on the panel as she was not independent, but the objection was denied. *Id* at 2-3: 16-25, 1-12.

40.     Also present at the hearing were Defendants Dina Fernandez and James Navarrette to prosecute the eviction.

41.     At the formal hearing, Plaintiff reiterated his requests for an accommodation and pointed to his Dr. Letter and medical record regarding his anxiety disorder and hypertension. Exh. E at 5-9: 16-25, 1-7

HORNE LAW, PLLC
3001 E. CAMELBACK ROAD STE 130
PHOENIX, ARIZONA 85016
Telephone (602) 320-0061

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

HORNE LAW, PLLC
3001 E. CAMELBACK ROAD STE 130
PHOENIX, ARIZONA 85016
Telephone (602) 320-0061

42.     The hearing officer asked if Plaintiff wanted to speak with Dina Fernandez about a reasonable accommodation to which Plaintiff replied yes.   However, Dina Fernandez specifically refused to even discuss a reasonable accommodation request with Plaintiff because stating: The "formal is a yes or no for eviction." *Id.* at 10-11: 2-25, 1-15.

43.     Dina Fernandez was asked: "why you wouldn't consider an accommodation for him?" Dina Fernandez responded: "This is a threat that was done to another resident here at Fillmore Gardens." *Id.* at 14: 10-16.

44.     When Dina Fernandez was asked if she knew the criteria for accommodations, she responded:

> We have a Reasonable Accommodation Request Form that when a resident feels that we can accommodate their disability, we are more than happy to accommodate that."  When we know about it in advance, they go to the manager. They fill out this form. And they say these are my disabilities.  We did not know of [Plaintiff's] disability until you brought it to us and to our attention the day of the Informal." *Id.* at 16: 3-18.

45.     Dina Fernandez stated: "This, at this point, disability, no disability, he is still a resident, and residents are to abide by the Model Lease and the Model Lease Addendum and the Rules and Regulations of our Senior Housing."  *Id.* at 17: 3-6.

46.     Dina Fernandez stated that she was "not denying a request of accommodation because it was never presented to us."  According to Dina Fernandez, none would be considered because it was "too far advanced already" and Plaintiff "had many opportunities even from that, even from the informal hearing." *Id.* at 17: 7-15.

HORNE LAW, PLLC
3001 E. CAMELBACK ROAD STE 130
PHOENIX, ARIZONA 85016
Telephone (602) 320-0061

47.    At the formal hearing, another witness testified that she was subject to the same type of strange behavior from Steven and that the manner in which she reacted which was different from Plaintiff. *Id. at* 22-25.

48.    At the formal hearing, Plaintiff went on to present evidence showing that his disabilities were the cause of the incident for which he was being evicted. *Id.* at 26-27: 15-25, 1-5.

49.    At the formal hearing, Plaintiff presented evidence that he was not a threat to Steven and that he had to get it off his chest verbally before he ended up in the hospital. *Id.* at 20: 18-22.

50.    The Defendants were asked to consider the hardship that termination of plaintiffs' participation in the public housing program would cause to plaintiffs, specifically the likelihood that the eviction would result in him "sleeping underneath a bridge" and that Plaintiff only received $700 per month. *Id.* at 20-21: 23-15, 1-4; *Id.* at 27: 14-16.

51.    On November 27, 2018, the Panel issued a formal decision terminating Plaintiff's tenancy, stating:

> The panel rejected tenant's claim about having a disability that must be accommodated as tenant did not follow the procedure to have his physician identify a disability that requires accommodation, what accommodations are necessary, and whether such accommodations could be provided at Fillmore Gardens.

(*See* Summary of Formal Hearing attached as Exh. F).

52.    Prior to the Summary of Formal Eviction, PHD had never made any mention of a formal "procedure" which must be followed.

HORNE LAW, PLLC
3001 E. CAMELBACK ROAD STE 130
PHOENIX, ARIZONA 85016
Telephone (602) 320-0061

53.     On December 10, 2018, Plaintiff had his doctor fill out a verification form found online.  In the form, Plaintiff's doctor verifies that Plaintiff "IS disabled" and he states that Plaintiff needs to live in an apartment that avoids the video surveillance performed by Steven.  (*See* Plaintiff's Doctor's Verification form attached as Exh. G).

*54.*     Plaintiff's doctor also stated in the form that avoidance of preceptory factors is common therapy for anxiety and that living in an area away from Steven's video surveillance would be such therapy.  *Id.*

55.     Plaintiff's doctor verified that the requested accommodation was necessary and that he had requested this type of accommodation for individuals with similar impairments. *Id.*

56.     Plaintiff hand-delivered the verification form to Defendant James Navarrette on December 10, 2018, but PHD never responded to the verification form or otherwise followed up with Plaintiff on his requests for a reasonable accommodation.

57.     On February 28, 2019, PHD filed a forcible detainer action in Maricopa County Superior Court, case number CV2019-002011, to evict and remove Plaintiff from Fillmore Gardens.  (*See* Forcible Detainer Pleadings attached as Exh. H).

*58.*     The Forcible Detainer Complaint attempts to evict Plaintiff based solely on the delivery of eviction notices without mention of the alleged reasons for the eviction or Plaintiff's requests for a reasonable accommodation or the reasons for its denial.  *Id.*

59.     The Forcible Detainer hearing is set for March 20, 2019.

**FIRST CLAIM FOR RELIEF**

60.     Plaintiff repeats and realleges each and every allegation of this Complaint as if fully set forth in full herein.

61.     Plaintiffs is a handicapped person as defined in the FHAA, 42 U.S.C. § 3602 (h), and has standing to commence this action.

62.     Pursuant to provision in the 42 U.S.C. § 3604 it is unlawful:

> (f)(l) To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap [of that buyer or renter]; ...
>
> (3) For the purposes of this section, discrimination includes-- . . .
>
> (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

63.     Defendants violated the FHAA, 42 U.S.C. § 3604 (f) (3) (B), by refusing to make reasonable accommodations in rules, policies, practices or services when such accommodations were necessary to afford Plaintiff an equal opportunity to use and enjoy a dwelling.

HORNE LAW, PLLC
3001 E. CAMELBACK ROAD STE 130
PHOENIX, ARIZONA 85016
Telephone (602) 320-0061

64.    Defendants violated the FHAA, 42 U.S.C. § 3604 (f) (3) (B), by refusing to make reasonable accommodations in rules, policies, practices or services when such accommodations were necessary to afford Plaintiff an equal opportunity to use and enjoy a dwelling.

65.    Plaintiff is an aggrieved person, as that term is defined in the FHAA, 42 U.S.C. §§ 3602 (i), and has suffered damages as a result of the conduct of the Defendants.

66.    The discriminatory actions of defendants were intentional, willful, and taken in disregard of the rights of Plaintiff.

## SECOND CLAIM FOR RELIEF

67.    Plaintiff repeats and realleges each and every allegation of this Complaint as if fully set forth in full herein.

68.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act, and has standing to commence this action.

69.    Plaintiff's tenancy in the Public Housing program is a program or activity as the same is defined by Section 504, 29 U.S.C. § 794.

70.    The Defendants have an affirmative obligation to ensure that the Plaintiff receives the full benefits of participation in the Public Housing program.

71.    The Defendants have denied Plaintiff the full benefits of the housing program by denying his request for a reasonable accommodation and in fact failing to even consider it in violation of Section 504 of the Rehabilitation Act.

HORNE LAW, PLLC
3001 E. CAMELBACK ROAD STE 130
PHOENIX, ARIZONA 85016
Telephone (602) 320-0061

72.     The discriminatory actions of Defendants were intentional, willful, and taken in disregard of the rights of Plaintiff.

## THIRD CLAIM FOR RELIEF

73.     Plaintiff repeats and realleges each and every allegation of this Complaint as if fully set forth in full herein.

74.     The Defendants acted under color of law, custom or policy in the administration of their duties to deprive plaintiff of its rights under the Americans with Disabilities Act, The Fair housing Act, the Rehabilitation Act, 42 U.S.C. 1437 (d)(k) and Plaintiff has a remedy pursuant to 42 U.S.C. § 1983.

## FOURTH CLAIM FOR RELIEF

75.     Plaintiff repeats and realleges each and every allegation of this Complaint as if fully set forth in full herein.

76.     Plaintiff is a person with disabilities pursuant to the United States Housing Act, (42 U.S.C. §§ 1437 et. seq.), and the Housing and Community Development Act of 1974, (42 U.S.C. §§ 1437e et. seq.), and has standing to commence this action.

77.     The respondent PHD is responsible for the proper administration of the Public Housing program in the City of Phoenix.

78.     The Defendants' Public Housing program, is federally regulated.

79.     The regulations for the administration of the Public Housing program can be found in Title 24 of the Code of Federal Regulations.

HORNE LAW, PLLC
3001 E. CAMELBACK ROAD STE 130
PHOENIX, ARIZONA 85016
Telephone (602) 320-0061

80.    Pursuant to 24 CFR § 960.103, the Defendants are required to be in compliance at all times with The Fair Housing Amendments Act, (42 U.S.C. §§ 3610 et. seq.), the Americans With Disabilities Act, (42 U.S.C. §§ 12101 et. seq.), Section 504 of the Rehabilitation Act of 1973, (42 U.S.C. § 794), as well as numerous other anti-discrimination statutes.

81.    The Defendants have denied Plaintiff's request for a reasonable accommodation. Defendants violated 42 U.S.C. § 3604 (f) (1) (A), by discriminating against Plaintiff in the rental of a dwelling, or otherwise making unavailable or denying them a dwelling, because of a handicap.

82.    Plaintiff is an aggrieved person, as defined by 42 U.S.C. § 3602 (i), and has suffered damages as a result of the conduct of the Defendants.

83.     The discriminatory actions of Defendants were intentional, willful, and taken in disregard of the rights of Plaintiff

## FIFTH CLAIM FOR RELIEF

84.    Plaintiff repeats and realleges each and every allegation of this Complaint as if fully set forth in full herein.

85.    The United States Constitution guarantees Plaintiff Due Process prior to the deprivation of a property right.

86.    In this case, the minimum due process that must be afforded Plaintiff is outlined by the grievance hearing procedure found at 42 U.S.C. § 1437d(k) which provides in pertinent part:

HORNE LAW, PLLC
3001 E. CAMELBACK ROAD STE 130
PHOENIX, ARIZONA 85016
Telephone (602) 320-0061

The Secretary shall by regulation require each public housing agency receiving assistance under this chapter to establish and implement an administrative grievance procedure under which tenants will—

(1)  be advised of the specific grounds of any proposed adverse public housing agency action;
(2)  have an opportunity for a hearing before an **impartial party** upon timely request within any period applicable under subsection (l);
(3)  have an **opportunity to examine** any documents or records or **regulations related to the proposed action**;
(4)  be entitled to be represented by another person of their choice at any hearing;
(5)  be entitled to ask questions of witnesses and have others make statements on their behalf; and
(6)  be entitled to receive a written decision by the public housing agency on the proposed action.

87.    As a result of Defendants actions, Plaintiff has been deprived of rights, privileges and immunities granted by the Constitution and laws of the United States and has a remedy for such deprivation under 42 U.S.C. § 1983 and IS entitled to costs and reasonable attorney's fees under 42 U.S.C. § 1988.

## SIXTH CLAIM FOR RELIEF

88.    Plaintiff repeats and realleges each and every allegation of this Complaint as if fully set forth in full herein.

89.    As a result of Defendants actions, Plaintiff has been, solely by reason of his disability, been subject to discrimination under a program or activity receiving Federal financial assistance. and has a remedy for such deprivation under 29 U.S.C. § 794a and is entitled to costs and reasonable attorney's fees under 42 U.S.C. § 1988.

HORNE LAW, PLLC
3001 E. CAMELBACK ROAD STE 130
PHOENIX, ARIZONA 85016
Telephone (602) 320-0061

## SEVENTH CLAIM FOR RELIEF

90.     Plaintiff repeats and realleges each and every allegation of this Complaint as if fully set forth in full herein.

91.     As a result of Defendants' actions, Plaintiff has been, solely by reason of his disability, been subject to discrimination under a program or administered by a local government and has a remedy for such deprivation under 42 U.S.C. § 12133 and is entitled to costs and reasonable attorney's fees under 42 U.S.C. § 1988.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Clyver Pleaugh requests that the Court:

A.     Assume jurisdiction of this action;

B.     Annul and reverse the determination and decision of the defendants in terminating Plaintiff's tenancy in the Public Housing program;

C.     **DECLARE that**

1.     the discriminatory housing practices of the defendants as set forth above violate the Fair Housing Amendments Act, 42 U.S.C. §§ 3601 et seq.;

2.     the discriminatory housing practices of the defendants as set forth above violate the Americans With Disabilities Act, 42 U.S.C.§§ 12101 et seq.;

3.     the discriminatory housing practices of the defendants as set forth above violate Section 504 of the Rehabilitation Act of 1973, 42 U.S.C. § 794;

D.     **ORDER** the Defendants to grant Plaintiff's request for a reasonable

HORNE LAW, PLLC
3001 E. CAMELBACK ROAD STE 130
PHOENIX, ARIZONA 85016
Telephone (602) 320-0061

accommodation by (1) restoring his tenancy, (2) moving him to another suitable apartment within the complex, and/or (3) moving him to another suitable apartment within another public housing complex;

E. **ENJOIN** the defendants, their agents, employees, and successors, and all other persons in active concert or participation with any of them, from discriminating because of handicap, race, color, religion, sex, familial status, or national origin against any person in any aspect of the rental or sale of a dwelling. . More specifically, Plaintiff requests that the Court enjoin the defendants from refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford persons with a handicap equal opportunity to use and enjoy dwellings.

F. **AWARD** such damages as will compensate Plaintiff fully for the damages caused by the Defendants' discriminatory conduct, pursuant to 42 U.S.C. § 3612 (o) (3) and 42 U.S.C. § 3613 ( C );

G. **AWARD** punitive damages to Plaintiff pursuant to 42 U.S.C. § 3612 (o) (3) and 42 U.S.C. § 3613 (c);

H. **AWARD** attorney's fees, pursuant to 42 U.S.C. § 1988.

I. **GRANT** such further relief as this Court may deem just.

//        //        //

//        //        //

//        //        //

1   **Dated** this <sup>15th</sup> day of March, 2019.

2

3                                   **HORNE LAW, PLLC**

4

5                                   By /s/ Mark W. Horne
                                    Mark W. Horne
6                                   *Attorney for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

HORNE LAW, PLLC
3001 E. CAMELBACK ROAD STE 130
PHOENIX, ARIZONA 85016
Telephone (602) 320-0061

**HORNE LAW, PLLC**
3001 E. CAMELBACK ROAD STE 130
PHOENIX, ARIZONA 85016
Telephone (602) 320-0061
Mark@Horneaz.Com

Mark W. Horne, No. 029449
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE STATE OF ARIZONA**

| | |
|---|---|
| Clyver Pleaugh, an individual;<br><br>                    Plaintiff,<br><br>     vs.<br><br>The City of Phoenix, a municipal corporation; The City of Phoenix Housing Department, a federally funded public housing program;  Dina Fernandez, individually and in her official capacity as Housing Supervisor for City of Phoenix Housing Department; James Navarrette, individually and in his official capacity as Property Manager for the City of Phoenix Housing Department; Angela Hogan, individually and in her official capacity as Housing Supervisor for the City of Phoenix Housing Department;<br><br>                    Defendants. | Case No.:<br><br>**VERIFICATION** |

I, Clyver Pleaugh, first being duly sworn, states under oath that:

1     I am the Plaintiff herein and have read the foregoing Complaint, and the matters

2 contained therein are true and correct to the best of my knowledge, information and

3 belief.

4

5     **DATED** this ⎩3 day of March, 2019.

6

7

8     By 

    Clyver Pleaugh

9

10 Subscribed to and sworn before me

11 this ⎩3 day of March, 2019

12

13 _____

   Notary Public

ARACELI IBARRA
Notary Public - Arizona
Pinal County
My Commission Expires
January 9, 2022

14

15

16

17

18

19

20

21

22

23

24

25

26

**HORNE LAW, PLLC**
2620 E. Brown St.
PHOENIX, ARIZONA 85028
Telephone (602) 320-0061